**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **WILLIAM C. BULLOCK,** | : | |
| | : | **Civil Action No. 1:09-CV-1902** |
| **Plaintiff** | : | |
| | : | **(Judge Conner)** |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **BIMBO BAKERIES USA and** | : | |
| **ANGIE LASHOMB,** | : | |
| | : | |
| **Defendants** | : | |

## REPORT AND RECOMMENDATION

In February 2009, the Internal Revenue Service ("IRS") issued a Notice of

Levy to Carlisle Foods, Inc., which ordered the company to turn over portions of

Plaintiff's wages to recover unpaid taxes.[1]  Since that time, the Company and Ms.

LaShomb, who serves as the company's payroll manager with responsibility for

the bakery in which Plaintiff works, have complied with the IRS levy and have

garnished Plaintiff's wages.  Plaintiff brought this suit to enjoin Defendants from

continuing to garnish Plaintiff's wages and to recover damages, which Plaintiff

calculates to be $5.26 million.  Plaintiff has asserted claims against Defendants

---

[1] Plaintiff has named Bimbo Bakeries USA and Angie LaShomb as defendants.
Defendants have noted that the proper company-defendant is Carlisle Foods, Inc. ("Carlisle
Foods" or the "Company"), rather than Bimbo Bakeries USA.  To avoid confusion, the Court
will refer to Carlisle Foods and Ms. LaShomb as "Defendants" throughout this opinion.  Whether
Bimbo Bakeries USA is, or is not, a proper defendant in this case is irrelevant to the Court's
ultimate recommendation that Plaintiff's cause of action be dismissed.

under Pennsylvania's criminal statutes relating to theft, and he has purported to bring constitutional claims for asserted violations of the Fourth and Fifth Amendments to the United States Constitution.

Defendants have moved for judgment on the pleadings, contending that Plaintiff's claims must be dismissed for a variety of reasons. As a threshold matter, Defendants argue that Plaintiff's claims necessarily require an interpretation of the terms of a collective bargaining agreement ("CBA") that was negotiated and entered into on his behalf by the International Bakery, Confectionery, Tobacco Workers & Grain Millers Local Union No. 6, and thus Defendants claim that Plaintiff's claims are preempted by section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185 ("LMRA"). Defendants note that Plaintiff's claims arise out of a payroll dispute, which is subject to the CBA's grievance and arbitration procedure. Since these claims will require an interpretation of the CBA, Defendants contend that the claims are preempted. Defendants also note that Plaintiff cannot now amend his complaint to include a claim under Section 301 of the LMRA because he has at no time initiated any grievance proceeding, much less exhausted the CBA's grievance and arbitration procedures, to address his payroll dispute prior to initiating this action.

Beyond the issue of preemption, Defendants maintain that Plaintiff's claims should still be dismissed because he cannot bring a cause of action under Pennsylvania's criminal theft statutes.  With respect to Plaintiff's constitutional claims, Defendants assert that Plaintiff cannot prosecute his claims against Defendants under the Fourth and Fifth Amendments because these constitutional provisions guard only against governmental action, not private action.  Because Plaintiff has not alleged that Defendants are governmental actors, and because nothing in the complaint even suggests that Defendants could reasonably be characterized or considered to be governmental actors, Defendants contend that Plaintiff's constitutional claims against Defendants have no legal basis and should be dismissed.  Finally, Defendants assert that the Internal Revenue Code expressly provides that any person that honors an IRS levy "shall be discharged from any obligation or liability to the delinquent taxpayer and any other person with respect to such property . . . ."  26 U.S.C. § 6332(e).  Accordingly, Defendants argue that even if the Court accepts as true the allegations set forth in the complaint, the allegations establish only that Defendants have been complying with an IRS tax levy and, therefore, Plaintiff has failed to state a claim upon which any relief can be granted.

Plaintiff has filed a brief in opposition to the motion, in which he disputes the applicability of the LMRA to this action, and he appears to advance arguments contesting the power of the United States of America to impose income tax upon its citizens, and challenges the power of the IRS to levy against the wages of non-governmental employees. Defendants filed a reply brief to note that Plaintiff's brief in opposition failed to address the merits of the legal arguments raised in Defendants' initial brief, and to reiterate the points laid out in their initial brief offered in support of the pending motion. Upon consideration, we find that Plaintiff's claims should be dismissed for the reasons explained below.

## II.   **FACTUAL BACKGROUND**[2]

---

[2] The factual background, which appears almost entirely undisputed, is taken principally from allegations in Plaintiff's complaint, as well as from Defendants' answer to the complaint. Additionally, the Court has reviewed the Notice of Levy on Wages, Salary, and Income that Defendants attached as Exhibit A to their brief opposing Plaintiff's motion for injunctive relief. The facts on which the Court relies in rendering this report are accepted as true only for purposes of this particular report and recommendation. The Court's practice in this regard adheres to the standards that govern review of motions for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. A Rule 12(c) motion for judgment on the pleadings should be granted where there are no material issues of fact and the moving party his entitled to judgment as a matter of law. Mele v. Fed. Reserve Bank of New York, 359 F.3d 251, 253 (3d Cir. 2004). Our review is "confined to the allegations in the pleadings," and we "must accept [the non-movant's] version of events as true." CONRAIL v. Portlight, Inc., 188 F.3d 93, 98 (3d Cir. 1999). Furthermore, we must not "consider matters extraneous to the pleadings" in deciding whether there are material facts in dispute. Mele, 359 F.3d at 256 n.5 (internal quotation marks omitted).

In or around February 2009, the Internal Revenue Service ("IRS") issued a Notice to Levy to Carlisle Foods, which ordered the Company to turn over portions of Plaintiff's wages to the IRS in order to satisfy unpaid taxes.[3] (Compl. ¶ 5, 11, 12; Ans. ¶ 12; Doc. 10, Ex. A, Notice of Levy.) To comply with the IRS levy the Company, along with its payroll manager charged with responsibility for the bakery in which Plaintiff works, took steps to garnish a percentage of Plaintiff's wages and to turn these amounts over to the IRS. (Compl. ¶ 12; Ans. ¶ 12.)

After Carlisle Foods began garnishing his wages, Plaintiff allegedly approached Ms. LaShomb, Carlisle Food's payroll manager, and advised her that the IRS lacked authority to apply a tax levy against Plaintiff as a private citizen, and that the law authorizing the IRS to levy provided only that the IRS could take such action against government employees. (Compl. ¶ 7.) Notwithstanding Plaintiff's arguments in this regard, Ms. LaShomb advised Plaintiff that it was company policy to comply with IRS levies. (Id.) This prompted Plaintiff to inform her that she and the company were "taking [his] property without the

---

[3] As Defendants note, Plaintiff includes a bald allegation that Defendants took these steps "void of lawful authority or court order," in other places in the complaint Plaintiff acknowledges that Defendants took their actions pursuant to an IRS levy. (Compl. ¶¶ 7, 11.) Furthermore, the Notice of Levy attached to Defendants' brief provides further demonstration that the IRS had sent official notice to Carlisle Foods directing that Plaintiff's wages be garnished. (Doc. 10, Ex. A, Notice of Levy.)

authority of law and in violation of my unalienable right to my property." (Id. ¶ 8.)

In April 2009, Plaintiff again contacted Ms. LaShomb, informed her that the continued garnishment was causing him and his family extreme hardship, and asked the company to discontinue the garnishment or to garnish fewer funds from each of his paychecks. (Id. ¶ 9.) Ms. LaShomb responded that Carlisle Foods would continue to garnish his wages, in accordance with the IRS levy, until such time as the IRS instructed the company to cease. (Id.) Plaintiff alleges that Defendants' refusal to discontinue or reduce the garnishment has placed a tremendous financial and emotional burden on him and his family; has forced him to borrow money from friends and family in order to pay essential bills; and has caused Plaintiff to suffer from medical problems that required, at one point, hospitalization. (Id. at ¶ 11, 16.)

Plaintiff commenced this action on September 9, 2009, by filing a complaint with the Court of Common Pleas of Cumberland County. On October 2, 2009, Defendants removed the action to Middle District of Pennsylvania pursuant to 28 U.S.C. § 1441(a) on the grounds that Plaintiff's claims were predicated, in part, on alleged violations of the United States Constitution, and because Plaintiff's claims

of theft required the interpretation of a collective bargaining agreement subject to the LMRA.

According to a sworn declaration submitted to the Court by Anne Martinez, Esq., counsel for Carlisle Foods, Plaintiff approached her on October 20, 2009, and asked whether Defendants would agree to stop garnishing his wages during the pendency of this lawsuit. (Doc. 10, Ex. B, Declaration of Anne Martinez ("Martinez Decl.") ¶ 3.) According to her declaration, Ms. Martinez informed Plaintiff that Defendants could not voluntarily discontinue the garnishment without written notice from the IRS. (Martinez Decl. ¶ 4.) The next day, Plaintiff filed a motion seeking preliminary injunctive relief. On January 5, 2010, Defendants advised the Court that the Company was no longer garnishing Plaintiff's wages pursuant to the IRS levy as of December 22, 2009, after the IRS notified the company that Plaintiff's wages were no longer subject to levy. (Doc. 17.)

Defendants moved for judgment on the pleadings on November 9, 2009, and the motion was fully briefed as of December 17, 2009. On January 7, 2010, Plaintiff moved for summary judgment. (Doc. 18.) Defendants requested to be relieved from their obligation to respond to Plaintiff's dispositive motion until after their motion for judgment on the pleadings had been adjudicated. (Doc. 21.)

In response, the Court entered an order granting Defendants' requested relief pending a disposition of the motion that is now before the Court. (Doc. 22.)

## III.   DISCUSSION

### A.   Preemption

Defendants first argue that the Court should dismiss this action in its entirety because it is allegedly preempted by the LMRA. Defendants' argument in this regard is predicated on the asserted fact that Plaintiff is a member of a union that has a collective bargaining agreement with the Company, and that this agreement provides the Company with the ability to correct payroll disputes through a comprehensive and exclusive grievance procedure. Because of these procedures, Defendants maintain that any resolution of Plaintiff's claims would require the Court to interpret the CBA and its provisions, including whether each act of wage garnishment constituted a payroll error and whether the Company failed to correct any such errors. Because Defendants believe that resolution of Plaintiff's claims will require interpretation of the CBA, they contend that the claims should be dismissed as preempted by Section 301 of the LMRA. Defendants note that Plaintiff has not brought any claim under the LMRA, and they contend that Plaintiff cannot now amend his complaint to include a claim under Section 301 because he has never commenced, let alone exhausted, an

administrative grievance process that is a prerequisite to bringing an action under Section 301.

We find potential force to Defendants' preemption argument, but ultimately recommend that the Court decline to dispose of the pending motion on this ground. In enacting the LMRA, Congress established federal jurisdiction over "[s]uits for violation of contracts between an employer and a labor organization." 29 U.S.C. § 185(a). Although this jurisdictional language appears to apply only to suits between employers and unions, the Supreme Court has interpreted this provision of the law to establish federal jurisdiction over all claims that may be substantially dependent upon analysis of a collective bargaining agreement's terms, even where such claim is brought by an employee individually rather than by the employee's union. See, e.g., Allis-Chambers Corp. v. Lueck, 471 U.S. 202. The Supreme Court has also made clear that federal substantive law governs actions brought to enforce collective bargaining agreements. Franchise Tax Bd. of Cal. v. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 23 (1983). Where resolution of a plaintiff's state-law claim is dependent upon interpretation of the terms of a collective bargaining agreement, "that claim either must be treated as a § 301 claim or dismissed as pre-empted by federal labor-contract law." Allis-Chalmers Corp., 471 U.S. at 220 (citation omitted).

In light of the foregoing jurisdictional issues, Defendants contend that Plaintiff's claims are "clearly preempted" by Section 301 because the CBA governing Plaintiff's employment contains a provision that allows for the Company to correct payroll errors, contains "comprehensive and exclusive grievance procedures," and because resolution of Plaintiff's claims would turn on an interpretation of the CBA and its provisions. (Doc. 11, at 9.) Defendants also contend that because Plaintiff has not alleged that he ever commenced or exhausted the administrative remedies available under the CBA, he cannot now be permitted to amend his complaint to include a Section 301 claim regarding what Defendants describe as a payroll dispute. For his part, Plaintiff argues that his complaint runs much deeper than a mere payroll dispute, but instead turns on the ability of the IRS to issue a levy and the legal right of Defendants to honor this levy by garnishing his wages.

Following review of the authority that Defendants identify, we find that there may be an issue of preemption with respect to Plaintiff's claims challenging Defendants' garnishment of his wages to comply with a tax levy. Nevertheless, we are hesitant to recommend that the Court dismiss Plaintiff's claims on this ground alone because to do so would require that the Court conclude, as an initial matter, that Plaintiff's claims fall squarely within the universe of payroll disputes

that the CBA purports to govern, despite the fact that Plaintiff has not identified or

relied upon any terms of the CBA in advancing his claims.  On a motion for

judgment on the pleadings, we are to cabin our inquiry to the facts and allegations

contained in the pleadings and to avoid extraneous matters.  <u>Mele</u>, 359 F.3d at 256

n.5.

      Furthermore, for the reasons explained below, we find that it is unnecessary

for the Court to resort to a preemption analysis before concluding that Plaintiff's

claims should be dismissed for other fundamental reasons.  As will be explained,

we find it clear from review of the pleadings that Plaintiff has improperly

attempted to bring claims that are premised under state-law criminal statutes that

Plaintiff may not invoke as a private citizen, and because Plaintiff's constitutional

claims are simply not cognizable because they are brought against private parties

rather than governmental actors.  Moreover, the Internal Revenue Code contains a

provision that clearly insulates these private defendants from suit for complying

with the IRS tax levy that was issued with respect to Plaintiff's wages.  Because

these separate legal bases independently and collectively direct that the Court

dismiss Plaintiff's claims, we will recommend that Plaintiff's complaint be

dismissed on these grounds without requiring that the Court undertake a

preemption analysis.

## B. Plaintiff Cannot Maintain a Private Cause of Action for Theft Under Pennsylvania's Criminal Statutes.

Plaintiff has alleged that Defendants are liable to him for money damages because, by garnishing his wages, Defendants allegedly violated 18 Pa. Cons. Stat. Ann. §§ 1106, 3901, 3903, 3921, 3923, and 3927. (Compl, ¶¶ 1, 4, 13.) These statutory provisions relate to crimes of theft. See 18 Pa. Cons. Stat. Ann. § 1106 ("[u]pon conviction for any crime wherein property has been stolen, converted or otherwise unlawfully obtained . .. the offender shall be sentenced to make restitution in addition to the punished prescribed therefor."); 18 Pa. Cons. Stat. Ann. § 3901 (providing definitions for theft offenses); 18 Pa. Cons. Stat. Ann. § 3903 (providing grading for theft offenses); 18 Pa. Cons. Stat. Ann. § 3921 (defining theft by unlawful taking or disposition); 18 Pa. Cons. Stat. Ann. § 3923 (defining theft by extortion); and 18 Pa. Cons. Stat. Ann. § 3927 (defining theft by failure to make required disposition of funds received).

The law is clear, however, that Plaintiff cannot maintain a private right of action for any of these alleged theft crimes under Pennsylvania law. See, e.g., Matrano v. Quizno's Franchise Co., L.L.C., No. 08-0932, 2009 U.S. Dist. LEXIS 52025, *52 (W.D. Pa. June 15, 2009) (with respect to the plaintiffs' theft allegations, finding that the Pennsylvania criminal code "gives no authority for a

private cause of action and none has been implied"); <u>Kerrigan v. Villei</u>, No. 95-4334, 1996 U.S. Dist. LEXIS 2195, *17 (E.D. Pa. Feb. 26, 1996) ("[T]he law of Pennsylvania does not recognize a private cause of action for civil theft . . . ."); <u>Bobin v. Sammarco</u>, No. 94-5115, 1995 U.S. Dist. LEXIS 6671 (E.D. Pa. May 17, 1995); <u>Schwartz v. Steven Kramer & Assocs.</u>, No. 90-4943, 1995 U.S. Dist. LEXIS 164 (E.D. Pa. Jan. 5, 1995) ("Under Pennsylvania law, forgery and theft are criminal actions; plaintiffs have not pointed to and I have not found any indications that there are private causes of action for forgery or theft under Pennsylvania law."). Because Plaintiff cannot bring a private action under Pennsylvania's criminal statutes proscribing theft, his claims for theft should be dismissed with prejudice.

C.   **Plaintiff Cannot Maintain His Claims Under the Fourth and Fifth Amendments to the United States Constitution Against Private Parties.**

In addition to his efforts to bring claims under Pennsylvania's criminal statutes, Plaintiff also attempts to bring claims against Defendants for alleged violations of the Fourth and Fifth Amendments to the United States Constitution on the grounds that Defendants generally violated his "civil liberties." (Compl. ¶ 14.) However, Plaintiff cannot maintain a cause of action for alleged violations of his rights under these constitutional amendments because Defendants are private

13

parties, rather than governmental actors.  Numerous courts have recognized the fundamental principle in constitutional law that these constitutional amendments guarantee protection against governmental action, but do not extend to the acts of private citizens or corporations.  See, e.g., Showalter v. Brubaker, 493 F. Supp. 2d 752, 757 (E.D. Pa. 2007) ("The Fourth Amendment only protects against governmental action, not private action."); Talley v. Feldman, 941 F. Supp. 501, 512 (E.D. Pa. 1996) ("It is well settled that the First and Fifth Amendment of the Constitution 'apply to and restrict only the Federal Government and not private persons.'") (quoting Public Utils. Comm'n of D.C. v. Pollak, 341 U.S. 451, 461-62 (1952)).  To the extent that Plaintiff has brought his claims for alleged violations of the Fourth and Fifth Amendments against Defendants as private actors, these claims are simply not cognizable and must be dismissed.

Although there may be scenarios where private parties may be considered to be governmental actors where certain considerations are present, any such potential considerations are absent from Plaintiff's allegations and they are absent under any fair reading of the facts actually pled.  Upon consideration, the fact that Defendants are alleged to have complied with a levy issued by the IRS by garnishing Plaintiff's wages is insufficient to characterize Defendants as governmental actors amenable to suit under the Fourth or Fifth Amendments.  See,

e.g., <u>Smith v. Kitchen</u>, 156 F.3d 1025, 1029 (10th Cir. 1997) (affirming district court decision dismissing officers and employees of a private bank after the bank remitted funds from bank account to the IRS pursuant to a tax levy, holding that "where the only 'act' by the defendants was to comply with a lawful levy from the Internal Revenue Service, no reasonable person could conclude that the defendants can fairly be characterized as governmental actors.").

Accordingly, we find that Plaintiff cannot maintain his claims against Defendants under the Fourth and Fifth Amendments, and these claims should be dismissed. Following review of Plaintiff's complaint and Defendants' response, it is clear that Defendants have not been alleged to be, nor can they be reasonably characterized as, governmental actors. Indeed, Plaintiff has simply alleged that Defendants have violated his rights by complying with a levy issued by the IRS in an effort to collect delinquent taxes, and Defendants honored this levy by garnishing his wages and turning the garnished funds over to the IRS. These allegations are hardly sufficient to consider Defendants as anything other than private actors, and they cannot be considered or characterized as governmental actors who may be subjected to suits alleging violations of the Fourth and Fifth Amendments. For these reasons, we recommend that the Court grant Defendants' motion for judgment on the pleadings and dismiss Plaintiff's constitutional claims.

**D.  Plaintiff's Claims Fail to State a Claim Upon Which Relief May Be Granted Because Congress Has Expressly Ensured that Anyone Who Honors an IRS Levy Will Be Discharged from Liability.**

Reduced to its essence, Plaintiff's complaint avers that Defendants have complied with a tax levy from the IRS.  Although Plaintiff takes issue with Defendants' conduct in having done so, Congress has made clear that a party who honors an IRS tax levy "shall be discharged from any obligation or liability to the delinquent taxpayer and any other person with respect to such property . . . ."  26 U.S.C. § 6332; see also Congress Talcott Corp. v. Gruber, 993 F.2d 315, 318 (3d Cir. Pa. 1993) (recognizing that under § 6332, "a third party who honors the levy and surrenders the property has no liability to the delinquent taxpayer").[4]  The immunity conferred under this statute applies even if a levy is determined to be invalid.  Warren v. Masco Contractor Servs. East Inc., No. 02-5808, 2003 U.S. Dist. LEXIS 14603, *11-12 (D.N.J. July 15, 2003).  This statutory provision

---

[4] It is worth noting that whereas the statute immunizes a third party from liability for complying with a levy, a third party potentially faces substantial liability if they elect not to comply: "failure to surrender the property upon service of a tax levy will render the third party personally liable to the government for the value of the property and for additional penalties if the noncompliance was not reasonable." Congress Talcott Corp. v. Gruber, 993 F.2d 315, 318 (3d Cir. 1993). In addition to "a sum equal to the value of the property or rights not . . . surrendered . . . together with costs and interest," the statute imposes an additional 50% penalty upon "any person who fails or refuses to surrender any property or rights to property, subject to levy, upon demand," if the refusal to surrender property was "without reasonable cause." 26 U.S.C. § 6332(d).

makes it abundantly clear that Plaintiff's claims do not entitle him to relief because the very act that Defendants are claimed to have done – garnishing his wages pursuant to an IRS levy – cannot expose them to liability. Our finding in this regard is consistent with the findings of other courts that, relying upon Section 6332's immunity provision, have dismissed complaints that are predicated on allegations that a third party honored an IRS tax levy by garnishing wages or other assets. See, e.g., Warren, No. 02-5808, 2003 U.S. Dist. LEXIS 14603, at *12 ("Given the statutory language of 26 U.S.C. § 6332(e), the authority interpreting the provision, and the fact that all of Plaintiff's claims arise from Defendant's withholding of Plaintiff's wages pursuant to the IRS levy, it is clear Defendant is entitled to immunity from suit in relation to honoring the tax levy in this case."); Daniels v. Guthrie Clinic Ltd., No. 96-0058, 1996 U.S. Dist. LEXIS 19571, *6 (M.D. Pa. Dec. 27, 1996) (finding that 26 U.S.C. § 6332 "clearly discharge[d]" a credit union and an additional defendant from liability for honoring an IRS tax levy). The same reasoning applies with equal force in this case and compels the conclusion that Plaintiff has failed to state a claim upon which relief can be granted, given that his claims rest entirely on the fact that Defendants complied with an IRS tax levy by garnishing his wages.

**E.     Plaintiff's Arguments Regarding the Taxing Authority of the
United States and the IRS's Power to Levy are Meritless.**

In his brief opposing Defendants' motion, Plaintiff suggests that the IRS

was without lawful authority to levy against his wages to satisfy his unpaid taxes.

(Doc. 14, at 4.)  As we stated in our earlier report and recommendation concerning

Plaintiff's request for a preliminary injunction, Plaintiff's argument that the IRS

somehow lacks authority to levy against his wages has no legal merit.  In short,

Plaintiff's argument is that the language of the statute authorizing the IRS to levy

applies only to employees of the federal government and not to private citizens.[5]

Plaintiff echoes these arguments again in his opposition to Defendants' motion.

As we noted previously, this is an argument that has been made, and rejected,

numerous times.  <u>See, e.g.</u>, <u>Berg v. Yellow Transp., Inc.</u>, No. 05-1289, 2006 U.S.

Dist. LEXIS 18852, at *10 (N.D.N.Y. Mar. 3, 2006) ("While [section 6331]

_____

[5]  The statute in question, 26 U.S.C. § 6331(a), provides, in relevant part, as follows:

> If any person liable to pay any tax neglects or refuses to pay the same
> within 10 days after notice and demand, it shall be lawful for the
> Secretary to collect such tax (and such further sum as shall be
> sufficient to cover the expenses of the levy) by levy upon all property
> and rights to property . . . . Levy may be made upon the accrued salary
> or wages of any officer, employee, or elected official, of the United
> States, the District of Columbia, or any agency or instrumentality of
> the United States or the District of Columbia, by serving a notice of
> levy on the employer (as defined in section 3401(d)) of such officer,
> employee, or elected official.

26 U.S.C. § 6331(a).

includes federal employees within the group of people subject to federal wage levies, it does not limit the levy to property solely owned by federal employees."); Weatherley v. Mallinckrodt Med., Inc., No. 95-4018, 1995 U.S. Dist. LEXIS 17427, at *14 ("The 'all-inclusive terms' of Section 6331 are . . . properly interpreted to mean that Section 6331 applies to private-sector employers and employees.").

Indeed, the United States Supreme Court has made it clear that such an argument has no merit, albeit in a case addressing state employees rather than employees in the private sector. In Sims v. United States, 359 U.S. 108 (1959), the Court rejected the state of West Virginia's argument that by only specifically authorizing levy against federal employees, Congress had evinced an intent to exempt state employees from levy. Id. at 113. In its review of the statute and its proper reach and application, the Court found it "evident that [section 6331] was enacted to overcome that difficulty and to subject the salaries of federal employees to the same collection procedures as are available against all other taxpayers, including employees of a State." Id. Read together, Sims and the lower court decisions cited above make clear in enacting 26 U.S.C. § 6331(a), Congress intended to have employees of the federal government treated like any other employee in the private sector, and that all such employees are subject to the levy

procedures set forth in the statute.  Plaintiff simply misinterprets the scope and effect of 26 U.S.C. § 6331(a), and his argument that the IRS is without authority to levy against his wages is, therefore, without merit.

Plaintiff also seems to be suggesting that the United States Constitution somehow forbids the federal government from imposing income taxes.  By way of example, Plaintiff declares that "[he] is not subject to the alleged income tax" and that such taxes are unconstitutional because "people cannot be taxed directly without apportionment . . . ."  (Doc. 14, at 2-3.)  Not surprisingly, Plaintiff fails to support these statements with any legal authority.  Indeed, the Sixteenth Amendment to the United States Constitution expressly authorizes the United States to impose taxes and eliminates any requirement that taxes be apportioned.  See U.S. Const. amend. XVI ("The Congress shall have power to lay and collect taxes on incomes, from whatever source derived, without apportionment among the several states, and without regard to any census or enumeration.").  However sincerely he may believe them, Plaintiff's arguments regarding the government's power to tax are frivolous and merit no further response from the Court or Defendants, who have ably rebutted Plaintiff's contentions in this regard.

## IV.   RECOMMENDATION

For the reasons set forth above, **IT IS HEREBY RECOMMENDED** that Defendants' motion for judgment on the pleadings (Doc. 9) be **GRANTED**.  It is further recommended that Plaintiff's pending motion for summary judgment (Doc. 18) be **DENIED** as moot, the judgment be entered in Defendants' favor, and that the clerk be directed to close the case.

The parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified  proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 4th day of February, 2010.

      *S/Martin C. Carlson*\
      **United States Magistrate Judge**