IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM C. BULLOCK** | : | CIVIL ACTION NO. 1:09-CV-1902 |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **BIMBO BAKERIES USA and** | : | |
| **ANGIE LASHOMB** | : | |
| | : | |
| Defendants | : | |

## ORDER

AND NOW, this 27th day of April, 2010, upon consideration of the report of the magistrate judge (Doc. 24), recommending that the court grant the motion (Doc. 9) for judgment on the pleadings filed by defendants Carlisle Foods, Inc.[1] and Angie LaShomb, and upon further consideration of the objections[2] (Doc. 27) filed by plaintiff, wherein plaintiff renews his arguments that the United States of America does not have the power to impose income tax upon its citizens and that the

---

[1] Plaintiff named Bimbo Bakeries USA and Angie LaShomb as defendants in his complaint. Defendants have noted that the proper company-defendant is Carlisle Foods, Inc., not Bimbo Bakeries USA. The court, therefore, will collectively refer to Carlisle Foods Inc. and Ms. LaShomb as "defendants." Whether Bimbo Bakeries USA is or is not a proper defendant in this case is irrelevant to the court's ultimate dismissal of the action.

[2] Plaintiff objects to the magistrate judge's recommendation that defendants' motion for judgment on the pleadings be granted. Where objections to a magistrate judge's report and recommendation are filed, the court must perform a *de novo* review of the contested portions of the report. Supinski v. United Parcel Serv., Civ. A. No. 06-0793, 2009 WL 113796, at *3 (M.D. Pa. Jan. 16, 2009) (citing Sample v. Diecks, 885 F.2d 1099, 1106 n. 3 (3d Cir. 1989); 28 U.S.C. § 636(b)(1)(c)). "In this regard, Local Rule of Court 72.3 requires 'written objections which . . . specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for those objections.'" Id. (citing Shields v. Astrue, Civ. A. No. 07-417, 2008 WL 4186951, at *6 (M.D. Pa. Sept. 8, 2008)).

Internal Revenue Service may not impose a levy on the wages of non-governmental employees,³ and plaintiff specifically objects to the magistrate judge's conclusion that plaintiff could not properly maintain a private cause of action for theft under Pennsylvania criminal statutes,⁴ nor could plaintiff maintain claims under the Fourth and Fifth Amendments of the United States Constitution against private

---

³ In his objections to the report of the magistrate judge, plaintiff argues that (1) the United States does not have the power to impose income tax upon its citizens, and (2) the Internal Revenue Services lacks the power to place a levy against the wages of non-governmental employees. (See e.g., Doc. 27 at 2-8; 13-15). The inadequacy of these broad arguments is twofold: they lack the specificity required by Local Rule of Court 72.3, and they are utterly without merit. Accordingly, the court agrees with the magistrate judge's conclusion that plaintiff's "arguments regarding the government's power to tax are frivolous and merit no further response[.]" (See Doc. 24 at 20).

In a related argument, plaintiff takes issue with the magistrate judge's observation that "a third party potentially faces substantial liability if they elect not to comply with an IRS levy." (Doc. 27 at 9). Plaintiff asserts that "[i]f the defendants do not have in their possession property that is subject to levy[,] then there can be no liability to the IRS." (Id.) The court's conclusion that the IRS can indeed impose a levy on plaintiff's wages disposes of this argument.

⁴ Plaintiff objects to the magistrate judge's conclusion that he cannot maintain a private cause of action for theft under Pennsylvania's criminal statutes. Specifically, plaintiff asserts that he "has every right to bring charges against the [d]efendants for theft under common law right to property. A private cause of action, [sic] implies under contract. Theft of property is not included within a contract." (Doc. 27 at 2). After *de novo* review, the court finds that the magistrate judge properly concluded that "the law is clear . . . [p]laintiff cannot maintain a private right of action for any of these alleged theft crimes under Pennsylvania Law." (Doc. 24 at 12) (citations omitted).

2

actors,⁵ and following an independent review of the record, it appearing that plaintiff brought the instant action to enjoin defendants from continuing to garnish his wages and to recover damages under Pennsylvania's criminal statutes relating to theft and for asserted violations of the Fourth and Fifth Amendments to the United States Constitution, and it further appearing that defendants contend that judgment on the pleadings is appropriate because plaintiff's claims are preempted by section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185, that plaintiff has improperly attempted to bring claims that are premised under state-law criminal statutes, that plaintiff's constitutional claims are not cognizable because they are brought against private parties rather than governmental actors, and that 26 U.S.C. § 6332 of the Internal Revenue Code clearly insulates these private defendants from suit for complying with an Internal Revenue Service tax levy, and the court concluding that the instant case presents no issues of fact to be resolved, and that defendants are entitled to judgment as a matter of law, see Rosenau v. Unifund Corp., 539 F.3d 218, 221 (3d Cir. 2008) ("Under Rule 12(c),

---

⁵ Plaintiff finally objects to the magistrate judge's determination that he cannot maintain claims under the Fourth and Fifth Amendments of the United States Constitution against defendants because they are private parties, not governmental actors. Plaintiff asserts that "as long as the [d]efendant's [sic] try to hide behind the IRS Levy as their defense, they are making them selves [sic] Government actors and the [p]laintiff will treat them as such." (See Doc. 27 at 8). "By using this IRS Levy as their defense they are saying that they work for the federal government." (Id.). Although plaintiff did not previously raise this theory to support his claims, the magistrate judge aptly predicted that it would subsequently be raised. The magistrate judge concluded that "the fact that [d]efendants are alleged to have complied with a levy issued by the IRS by garnishing [p]laintiff's wages is insufficient to characterize [d]efendants as governmental actors amenable to suit under the Fourth or Fifth Amendments." (See Doc. 24 at 14) (citations omitted). After *de novo* review, the court adopts the magistrate judge's conclusion.

judgment will not be granted unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." (quoting Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 289, 290 (3d Cir. 1988))), it is hereby ORDERED that:

1. The report of the magistrate judge (Doc. 24) is ADOPTED.

2. Defendants' motion for judgment on the pleadings (Doc. 9) is GRANTED.

3. The Clerk of Court is instructed to enter JUDGMENT in favor of defendants and against plaintiff on all claims.

4. The Clerk of Court is directed to CLOSE this case.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge